### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

**CAUCASIAN BUREAU OF INVESTIGATION et al.**                    **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO. 4:11-CV-135-R**

**THE PEOPLE et al.**                                        **DEFENDANTS**

### <u>MEMORANDUM OPINION</u>

Plaintiffs, the Caucasian Bureau of Investigation, George "Kevin" Quinn, and "Jadon" Robert Quinn have filed a *pro se*, *in forma pauperis* complaint against "The People"; the United States of America; Jay Wethington; the FBI; President Obama; Claude Porter; the Owensboro Police Department; the Daviess County Sheriff's Office; and Judge Joseph H. McKinley, Jr. (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

### I. FACTS

Plaintiffs' complaint states:

> My business Caucasian Bureau Investigation and family and also I have been raped by military men and state officials.  We have been kidnapped several times.  We have several constitution rights that were denied.  The bible's persecution of its saints isn't half as the gruesome torture that me and my people and family have endured at the hands of the defendants.

The complaint also states:  "I've been jailed by O.P.D. for conspiring with individual who stole my car and swore affidavit of me.  They refused to allow me to file a report for my stolen car. Found to have located whereabouts of my car and refused to tell me."  The complaint further alleges that "[a]ll Defendants refuse to help me investigate me being raped as a child and adult. By the way I've been declared mentally ill in a court of law because I was kidnapped by O.P.D.

officer Jamie Crowe."  The complaint also alleges that Plaintiff Kevin Quinn's son has been

kidnapped twice by Daviess County Sheriff's Office and judges.  The complaint states that hate

crimes have been perpetrated against Plaintiff Kevin Quinn "because clearly I am the greatest,

compassionate and forgiving civil rights leader to walk the earth or ever will!"

As relief, Plaintiffs want President Obama alerted "that I've tried to contact him for years

about my son being kidnapped and being jailed for campaigning for him"; "an untainted

investigation into the abuse and abduction of my son Jadon;" the deed to the State of Alaska; the

release of Charles Manson into his custody; and to have Judges David Payne, Lisa Jones, and

Nick Burlew dismissed from the bench.

## II. ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  In other words, "a . . . complaint must contain either direct or inferential

allegations respecting all the material elements to sustain a recovery under *some* viable legal

theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)

(citations and internal quotation marks omitted).

In the instant case, Plaintiffs fail to provide material facts in support of any viable legal

theory against Defendants.  The mere mention of kidnapping, rape, and constitutional rights

without any factual allegations in support of such claims is wholly insufficient to state a viable

claim.  Plaintiffs fail to place any Defendant on notice as to any claim(s) against them,

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain

statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the

2

grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiffs. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:       Plaintiffs, *pro se*
4413.009